Judge Underwood
delivered the opinion of the court.
Three men, named Bosley, were jointr ly indicted for an assault and battery committed on Demare. They pleaded not guilty jointly, were tried jointly, and found guilty jointly, by the verdict of the jury. The jury assessed their fine at two hundred and fifty dollars, and thereupon the court rendered a judgment jointly against them for the amount so assessed.
The error assigned is, that the verdict and judgment should have separately ascertained the liability of each defendant.
We think the verdict and judgment erroneous. Although the law allows a joint indictment and trial, still a joint judgment is erroneous, because there *599 bv one of the defendants may be compelled to pay the whole amount, and in that event he would not be entitled to contribution from his co-defendants. Thus the other defendants would escape punishment entirely, and the whole burden might fall upon him who was least blameable in the transaction. So far it would savor of punishing one man for the guilt of another. -
Owsley, for plaintiffs; Morehead, Attorney General, for Commonwealth.
But the point is well settled bv authority, and thei-efore it is needless to do more than to refer to the books. See Jones vs. The Commonwealth of Virginia, I Call. 555; XI Coke. 42; II Hawkins, 633; Bacon’s Abridgment, title Fines and Amercements, letter C. 5.
The judgment must be reversed, and held for naught.