## Curd & Ward *vs.* Commonwealth.

Case 2.

### ERROR TO WHITLEY CIRCUIT.

1. A merchant with a license may sell spirituous liquors, at his store house, in quantities not less than a quart, to be taken off and drank elsewhere, than on his premises or adjacent thereto. (*Revised Statutes, chapter 99, article 11, page 663.*) But if so sold to be drank in his house or adjacent thereto, the vender is guilty of keeping a tippling house, by the same statute, *article 4.*

2. Where a merchant retails liquors, though in quantities of a quart or more, if they are actually drank in the house, or adjacent thereto, whether sold with that intent or not, he is guilty of keeping a tippling house; so if sold with the intent to be drank in or adjacent to the house, whether so consumed or not. *Revised Statutes, chapter 99, article 4, section 1, page 663.*

3. If two be jointly indicted, and found guilty of keeping a tippling house, the judgment should be several for a fine of $60 against each. (7 *Dana,* 229.)

June 7.

Chief Justice HISE delivered the opinion of the court.

Case stated.

A. Curd and B. Ward, indicted for keeping and maintaining a tippling house without license, plead not guilty, and upon the evidence being heard, the jury rendered a general verdict that the defendants were guilty, as charged, and thereupon the court gave judgment for a fine of $60 against each defendant. A new trial was

refused, and defendants have brought up the case, and demand a reversal of the judgment mainly upon two grounds: 1st. That the circuit judge erred in instructing the jury "that if the jury believed, from the evidence, that the defendant sold ardent spirits, and *suffered* the same to be drank adjoining the premises they occupied, they were guilty of keeping a tippling house." 2d. That the judgment against Ward was not authorized by the proof, or even by the verdict of the jury, because the indictment was joint, and because, from the proof, it was manifest that Ward was the clerk and agent merely of Curd, who had a license as a merchant to vend by retail ardent spirits, and he, Ward, acted by the direction of Curd in vending the spirits at Curd's store.

A merchant with a license is authorized to sell at his store-house liquors, in quantities not less than a quart, *to be taken* off and drank elsewhere than on his premises or adjacent thereto. (*Revised Statutes, article* 11, *page* 663.) His license, therefore, will not authorize a merchant to sell liquors by the quart, or any other quantity, at his store-house, to be drank there or adjacent thereto, or which shall be so drank; and if he does so he is to be deemed guilty of keeping a tippling house, and may be fined $60 for the offence, as provided by *article* 4, *chapter* 99, *Revised Statutes,* 663.

To make the merchant or other person, under this law, guilty of this offense, it must be shown that when the liquor was sold that it was with the purpose not to be taken off, but to be drank on the premises or adjacent thereto, and in such case a *merchant* or any other person would be guilty of keeping a tippling house, whether the liquor was actually drank on the premises or adjacent thereto or not; or should some subsequent casualty or cause prevent the accomplishment of the purpose with which the liquor was sold and purchased. So, if the liquor which shall be sold in any store-room or other house, regardless of the quantity, whether it be a gill or a hogshead, less or

*(Margin notes:)*

Curd & Ward
*vs.*
Commonwealth.

1. A merchant with a license may sell spirituous liquors, at his store-house, in quantities not less than a quart, to be taken off and drank elsewhere than on his premises or adjacent thereto. (*Revised Statutes, chap.* 99, *art.* 11, *page* 663.) But if so sold to be drank in his house or adjacent thereto, the vendor is guilty of keeping a tippling-house by the statute, *art.* 4.

2. Where a merchant retails liquors, though in quantities of a quart or more, if they are actually drank in the house or adjacent thereto, whether sold with that intent or not, he is guilty of

keeping a tip-
pling-house; so
if sold with the
intent to be
drank in or ad-
jacent to the
house, whether
so consumed or
not. (*Revised
Statutes, chap.
99, art. 4, sec. 1,
page 663.*)

more, shall be actually drank upon the premises or upon an adjacent square, road, or street, or upon adjacent premises, the vendor, whoever he may be, except a licensed tavern or coffee-house keeper, is guilty of keeping a tippling house, and subject, under the said 4th article, to a fine of $60, whether the liquor so actually drank was sold and purchased for that purpose or not.

The 1st section of the 4th article, and the 1st section of the 5th article, of the chapter above referred to, both subject the vendor of ardent spirits, &c., to the penalties therein affixed, when sold for the *purpose* of being drank at the house where sold, or adjacent thereto, though for some cause supervening it be not so drank, and also, when the liquor sold is actually so drank, whatever may have been the *purpose* of the sale—the former section inflicting the penalty of $60 where the selling of the liquor is in any *house*, and the latter section imposing a penalty of $20 for each offense where the vending of the liquor was done in any booth, arbor, boat, stall, float, public square, market house, or upon a race field, or any other *open place* whatever. Take these two latter sections together, with the 2d article above cited, and it is certain and apparent that it was intended effectually to suppress the dissipation and disorders, and all their attendant mischiefs and evil examples, which result from the practice of the people congregating about the private and public places named, and becoming intoxicated by drinking ardent spirits; and it is not admitted that the privilege of vending liquors to be drank, or that are actually drank, upon the premises where vended or adjacent thereto, appertains to any other class of persons than licensed tavern and coffee-house keepers, and all other persons, whether licensed merchants or others, who transgress in the manner designated, are guilty of the offense of keeping tippling houses, or of unlawfully vending ardent spirits, wines, &c., the effectual suppression of which was the desirable object designed to be attained.

In this view of the law the defendants cannot complain of the instruction given by the circuit judge, at the instance of the attorney for the commonwealth; it was certainly not prejudicial to their rights or interest in the trial, inasmuch as it was proven beyond controversy, that in every instance stated the liquor sold, though in quantities not less than a quart, was taken a few steps from the store-house of defendants, manifestly adjacent thereto, and drank by the persons to whom it was vended; and such being the case Curd's license did not protect him, though he did not sell at any one time less than a quart, for the penalty in such state of case is to be visited upon the vender whatever be the quantity of liquor actually so sold and drank.

The only other ground relied upon for a reversal of the judgment, to-wit: that upon the joint indictment and finding of the jury the several judgment against Ward for the fine of $60 was erroneous, is untenable; they, the defendants, were both charged and found to be guilty of an offense, to-wit: keeping a tippling house, which subjected each to the penalty, severally, though jointly indicted, tried and convicted. For authority, full and apposite, upon this point, reference is made to the opinion of this court delivered in the case of *Caldwell & Christian v. Commonwealth*, reported in 7 *Dana*, 229. It follows from the construction given to the law upon the subject, as above cited, that the instructions asked by the defendants were properly refused by the circuit judge.

The judgment is affirmed.

ENSWORTH for plaintiffs; HARLAN, Attorney General, for Commonwealth.

---

CURD & WARD
*vs.*
COMMONWEALTH

3. If two be jointly indicted, and found guilty of keeping a tippling house, the judgment should be several for a fine of $60 against each. (7 *Dana*, 229.)