Okey, J.-
The questions presented have received that consideration which was demanded in view of the sentence in the court below. No part of the evidence or charge to the jury is before us. The reversal is sought upon two grounds.
1. It is objected, that the indictment contains no averment that the prisoner killed Black purposely. But it is charged that, with intent to kill him, the prisoner gave him a wound of which he died. As stated by Mcllvaino, C. J., in Rufer v. The State, 25 Ohio St. 464, 468, “It is sufficient that the facts constituting the crime be stated with cer *605 tainty to a certain intent in general.” And as held in Loeffner v. The State, 10 Ohio St. 598, “ the intent or purpose to kill, which constitutes an essential element in the crime of murder, under the statute of this state, and an averment of which is necessary in an indictment for murder, need not be averred in the identical words of the statute.” We hold this indictment to be sufficient, and in so holding we are fully supported by the principle upon which Rufer’s and Loeffner’s cases were decided.
2. It is said that the court erred in appointing Charles H. Blackburn to assist in the prosecution. Where such appointment is made in the absence of statutory provision, the objection finds some support from Meister v. The People, 31 Mich. 99, and cases there cited; see also Wilson v. The State, 16 Indiana, 392; though the weight of authority seems to favor the existence of inherent power in the court to appoint such assistant. Dukes v. The State, 11 Indiana, 557; Tesh. v. Com., 4 Dana, 522; The State v. Bartlett, 55 Maine, 200; Staggs v. The State, 3 Humph. 372; Gillespie’s case, 3 Yerg. 325; Jarnagin v. The State, 10 Yerg. 529; Hopper v. Com., 6 Grat. 684. But here we are relieved of all difficulty on the subject, for section 8 of the act of 1878, already quoted, applies to all counties in the state; a single judge in Hamilton county has the same power tO' hold court and make such appointment that is possessed by common pleas judges in other parts of the state; and this appointment may fairly be regarded as having been made under that section.
• We are unwilling to say that the prosecuting attorney, the injured person, or his friends, may require the coui’t to make such appointment. On the contrary, the appointment should not be made in any case unless the due administration of justice requires it. But where the record is silent on the subject, we will presume that such appointment was properly made, as we will also presume, in the absence of any showing to the contrary, that the prosecution was conducted in a proper and not oppressive manner

Motion overruled.