## Nider v. Commonwealth.

(Decided November 22, 1910.)

### Appeal from Campbell Circuit Court.

1. Criminal Law—Carnally Knowing a Female Under the Age of Consent.—It is necessary to sustain a conviction under section 1155 of the Kentucky Statutes making it a crime to have carnal knowledge of a female under the age of sixteen years or an idiot that there shall be some evidence of penetration, however slight.

2. Attempt to Commit Offense.—Under an indictment for carnally knowing an infant female, or an idiot, the accused may be convicted of an attempt to commit the offense if the evidence is not sufficient to show that he is guilty of the principal offense.

3. Penalty For Attempt.—Unless there is some other punishment imposed by statute, an attempt to commit a crime is a misdemeanor and punishable by fine, or imprisonment in the county jail, or both, in the discretion of the jury.

4. Attempt to Commit Statutory or Common Law Offense.—Under an indictment for a statutory or common law offense, in the absence of a statute punishing the attempt, the accused, the evidence justifying it, may be found guilty of an attempt to commit the offense.

5. Attempt Defined.—An attempt to commit a crime is an act done in part execution of the criminal design amounting to more than mere preparation but falling short of the actual consummation, and possessing except for a failure to consummate all the elements of the substantive crime.

6. Attempt, Degree of Offense.—Sections 262 and 264 of the Criminal Code authorize the conviction of the accused of the attempt to commit a statutory or common law offense under an indictment for the principal offense.

7. Common Law Prevails in This State.—The common law of England, and acts of parliament in aid thereof, is in full force in this State, except where it has been superseded by statute or is contrary to the public policy of the State.

8. Common Law.—When there is a wrong to be punished, or a right to be redressed, and no statute law of this State can be found that will afford the punishment or offer the remedy, if there can be found in the common law a principle that is applicable, its aid may be invoked and under it the wrong punished or the right redressed.

9. Assault With Consent of Person Assaulted.—If the person assaulted, as in the case of a female under the age of consent, is incapable of consenting, the consent of the assaulted party will not save the assailant from punishment, although as a general rule a punishable assault can only take place when it is made against the will or without the consent of the person assaulted.

BLAINE McLAUGHLIN for Appellant.

JAMES BREATHITT, Attorney General; TOM B. McGREGOR, Assistant Attorney General, for the Appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Appellant was convicted of the crime of carnally knowing Cecil Luzader, a female under the age of sixteen years, the indictment being found under section 1155 of the Kentucky Statutes, reading:

"Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

It is indispensible to sustain a conviction under this statute that there should be some evidence of penetration, however, slight. White v. Commonwealth, 96 Ky., 180; Brauer v. State, 25 Wisconsin, 413; Bishop's Criminal Law, Vol. 2, Sec. 1127, et seq.; Wharton's Criminal Law, Vol. 1, Sec. 554. But there is no evidence in the record in support of this vital point. On the contrary, the child as well as the physician who examined her testify positively that there was none. With the evidence in this condition appellant could not be subjected to the penalty fixed by the statute. There was, however, sufficient evidence to sustain a conviction for the attempt to have carnal knowledge of the prosecutrix if the attempt to commit this crime is punishable, as it is shown by the evidence that the accused did everything necessary to the accomplishment of the complete offense except in the particular mentioned. This being so, the question comes up, can a person indicted for an offense against this statute be convicted of the attempt to unlawfully carnally know a female under the age of sixteen years, or an idiot, with her consent. This statute is a lower degree of the offense of rape, and is included in it. Fenston v. Commonwealth, 82 Ky., 549. It was designed to secure the punishment of persons who with the consent of the infant female, or idiot, had carnal knowledge of her. Its enactment became necessary because, in rape at common law as well as under our statute, which is merely declaratory of the common law, force or violence is an essential ingredient of the offense. Under an indictment for rape there can be no conviction unless its accomplishment be by force or without the consent or against the will of the female. So that except for this statute a person who had carnal knowledge of the female, however young in years, could not be punished if the act was committed with the consent of the female, unless it be that it was an offense at common law to have carnal knowledge of a female child even with her consent. If this was an offense at common law, then it would also be an offense in this State, even if we had no statute on that subject, as the common law of England and all acts of parliament made in aid thereof have since the organization of this State been a part of the body not only of the criminal but the civil law, except

where it has been abrogated or superseded by statute, or is repugnant to the spirit of our laws or the public policy of the State. And so it is that when there is a wrong to be punished, whether it be great or small, or a right to be redressed, whether it be big or little, and no statute law of this State can be found that will afford the punishment or offer the remedy, we turn to the common law for relief. And if we can find there a principle that is applicable to the situation or condition, its aid may be invoked and under it the wrong punished or the injury redressed. How the common law came to us can be seen in section 233 of the Constitution, reading:

·'All laws which, on the first day of June, one thousand seven hundred and ninety-two, were in force in the State of Virginia, and which are of a general nature and not local to that State, and not repugnant to this Constitution, nor to the laws which have been enacted by the General Assembly of this Commonwealth, shall be in force within this State until they shall be altered or repealed by the General Assembly.''

And by an examination of the cases of Ray v. Sweeney, 14 Bush, 1; Aetna Ins. Co. v. Commonwealth, 106 Ky., 864; Lathrop v. Bank of Scioto, 8 Dana, 114, in which will be found a full history and exposition of the subject.

That the crime we are considering was an offense at common law is shown by an act of parliament passed in the reign of Queen Elizabeth providing that:

''Carnal knowledge of any woman-child under the age of ten years is made a felony, without benefit of clergy, and this without any reference to the consent or non-consent of the child, which is, therefore, considered immaterial.'' Russell on Crimes, Vol. 1, page 693; Hales Pleas of the Crown, Vol. 1, page 630; Blackstone's Commentaries, Vol. 4, page 210.

That this parliamentary statute is a part of the common law in force in this State, except to the extent that it has been modified by section 1155 of the Kentucky Statutes, is apparent from a consideration of the section of the Constitution and the cases before mentioned. It was passed in aid of the common law, that is, to supply a deficiency or an omission in that law and prior to the reign of King James the First, who succeeded Elizabeth on the throne of England, and it is not repugnant to the spirit of our laws or our public policy.

It will thus be seen that our statute upon the subject is merely a recognition of the common law offense, which it has modified by changing the age of consent from ten to sixteen, and fixing the penalty at confinement in the penitentiary in place of death. As this was a common law offense, so the attempt to commit it might be punished at common law, because under the law an attempt to commit a crime was punishable as a misdemeanor, although the particular offense was itself only a misdemeanor. In Russell on Crimes, Vol. 1, pages 44-7, it is said:

"The word 'misdemeanor,' in its usual acceptation, is applied to all those crimes and offenses for which the law has not provided a particular name; and they may be punished, according to the degree of the offense, by fine or imprisonment, or both. A misdemeanor is, in truth, any crime less than a felony; and the word is generally used in contradistinction to felony; misdemeanors comprehending all indictable offenses which do not amount to felony, as perjury, battery, libels, conspiracies and public nuisances."

"It is clear that all felonies, and all kinds of inferior crimes of a public nature, as misprisions, and all other contempts, all disturbances of the peace, oppressions, misbehavior by public officers, and all other misdemeanors whatsoever of a public evil example against the common law, may be indicted. And it seems to be an established principle that whatever openly outrages decency, and is injurious to public morals, is a misdemeanor at common law. An attempt to commit a statutable misdemeanor, is as much indictable as an attempt to commit a common law misdemeanor, for when an offense is made a misdemeanor by statute, it is made so for all purposes. And the general rule is, that 'an attempt to commit a misdemeanor is a misdemeanor, whether the offense is created by statute, or was an offense at common law.'"

But if carnally knowing a young female with her consent should be treated as a purely statutory offense, independent of and outside of the common law, yet the attempt to commit it would be a punishable misdemeanor. Thus, it is said in Bishop's Criminal Law, Vol. 1, section 755:

"Statutes are construed conformably with the common law, except as otherwise required by express words or necessary implication. Therefore ordinarily statutory attempts follow the same rules as those of the com-

mon law, and common law attempts are within principles judicially found to govern statutory ones.'' To the same effect is Wharton's Criminal Law, Vol. 1, Section 173; Clark's Criminal Law, Sec. 126; 12 Cyc. 176, 3 Am. & Eng. Ency. of Law, p. 250.

Indeed, so far as the reason of the thing is concerned it is difficult to understand why any distinction should be made between the attempt to commit a common law offense and the attempt to commit a statutory offense. In one case the act is made unlawful by the common law in force in this State, and in the other by a statute of the State. If the attempt to violate one is punishable, we are unable to perceive why an attempt to commit the other should not be. The mere fact that a crime was created by the common law and came to us by virtue of the adoption of that system does not give it any more dignity, importance or weight than a crime created by an act of the General Assembly of the State, and so there appears no reason why the attempt to commit a purely statutory offense should not be punishable under the common law and by the application of common law principles. This was the rule applied in Commonwealth v. Carter, 94 Ky., 527, where it was said:

"There is as much reason for punishing the aiding and abetting in a felony created by statute as there is of a felony at common law.''

Of course, the rule we are considering can have no application to crimes in which the attempt is made punishable by statute, as in such cases the statutes provides a penalty. Nor can it be applied to that class of offenses that there cannot be an attempt to commit.

The next question is, what constitutes an attempt to commit an offense. The authorities treating of this subject are in substantial agreement as to the essential things necessary to constitute an attempt although they differ in the form of expression. Thus, in Bishop's Criminal Law, Vol. 1, Sec. 728, an attempt is defined as follows:

"An attempt is an intent to do a particular thing which the law, either common or statutory, has declared to be a crime, coupled with an act towards the doing, sufficient both in magnitude and in proximity to the act intended, to be taken cognizance of by the law that does not concern itself with things trivial and small. Or, more briefly, an attempt is an intent to do a particular crimi-

nal thing, with an act toward it, falling short of the thing intended."

And Bouvier in his law dictionary gives this definition: "An attempt to commit a crime is defined to be an endeavor to accomplish it carried beyond mere preparation but falling short of the ultimate design."

And in 3 Am. & Eng. Ency. of Law, page 250, it is said: "An attempt to commit a crime is an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consummation, and possessing, except for failure to consummate, all the elements of the substantive crime."

In Wharton's Criminal Law, Vol. 1, Sec. 173, 12 Cyc., page 176, and Clark's Criminal Law, Sec. 126, definitions similar to the ones given can be found.

As applied to the case in hand, we think that if a person should take possession of a female under the age of consent, or an idiot, by laying hands upon her, and endeavor to have carnal knowledge of her, but for any reason fail, he would be guilty of an attempt. And we are further of the opinion that the attempt to have carnal knowledge of a female under the age of consent or an idiot may be punished under an indictment for the statutory offense. This procedure is authorized by section 262 of the Criminal Code, reading:

"Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment."

And section 264, providing:

"If an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances, or with part only, is included in the offense, although that charge may be a felony, and the offense, without the circumstances, a misdemeanor only." Fenston v. Commonwealth ,82 Ky. 549; Housman v. Commonwealth, 128 Ky., 818; Price v. Commonwealth, 129 Ky., 716.

But it is said that the attempt to have carnal knowledge is not an offense when the female consents. In other words, the argument is made that there cannot be an unlawful assault when the assaulting party consents to it. As a general proposition of law it is true that an unlawful or punishable assault can only take place when it is

made against the will, or without the consent, or over the objection of the person upon whom the assault is made. But there is and in reason should be excepted from this rule cases in which the assault is made upon a person incapable in the eyes of the law of consenting. The state of the law would be reprehensible if it was made an offense to have carnal knowledge of an infant female with her consent and yet not be an offense with her consent to do everything short of the accomplishment of the very act that would make it carnal knowledge. We are not disposed to adopt in this State any such refined or unworthy distinction. If the child cannot consent to actual carnal intercourse, neither can she consent to any attempt to commit it. There is no more reason why her consent should acquit the assailant in the one instance than in the other. It would be a reproach to the law as administered in this State if we should hold that although a person might be convicted of having carnal knowledge of a female child under the age of consent, that yet he should go acquit whatever his intention or however great his endeavor or lascivious his conduct if he fell short of the actual perpetration of the act that would make his conduct punishable under the statute. The statute was enacted to protect female children who are of such tender years as to be unable to appreciate the enormity of this offense, and the law should be so administered and construed as to not only protect them from persons who actually commit the act of carnal intercourse, but as well to save them from those who endeavor to do so. If a child cannot consent to the whole, neither can she consent to any part of it. We are aware of the fact that some courts entertain a contrary view of this question, but we are sure of the soundness in morals as well as law of the position we have taken. State v. Sargent, 32 Ore., 110; Croomes v. State, 40 Tex., 672; 51 S. W. (Texas), 924; Farrell v. State, 54 N. J. L., 416; Commonwealth v. Roosnell, 143 Mass., 32; Murphy v. State, 120 Ind., 115; People v. Lourintz, 114 Cal., 628; Daies v. State, 31 Neb., 747.

We are, therefore, of the opinion that although the facts did not justify a conviction for the statutory offense, that there was yet sufficient evidence to warrant a conviction for an attempt to have carnal knowledge with the prosecutrix, and consequently under proper instructions the accused might have been subjected to any

fine or imprisonment in the county jail or both that the jury saw proper to inflict.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.