## Old Lewis Hunter Distillery Co. et al. v. Commonwealth.

(Decided April 26, 1938.)

LAIL, KEITH & NEILL and WADE H. LAIL, ELI H. BROWN, III and SAWYER A. SMITH, for appellants.

HUBERT MEREDITH, Attorney General, JESSE K. LEWIS, Assistant Attorney General, and A. H. BARKER and SWINFORD, SWINFORD & SIMS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Under a joint indictment charging the Old Lewis Hunter Distillery Company, a corporation, and Paul Thompson and Lovell Jett, with the offense of maintaining a common nuisance, all the defendants have been found guilty, and by verdict and judgment have been jointly fined in the sum of $400, and they are appealing.

One of the grounds urged for reversal is that the indictment did not charge a public offense, and therefore the demurrer to it should have been sustained; but this ground is wholly wanting in merit, since the indictment in the accusatory part charges the defendants with the offense of maintaining a common nuisance, and in the descriptive part sets out fully and with particularity acts and conduct of the parties creating a condition which would, if true, constitute a nuisance.

Argument by counsel for Thompson and Jett that

the prosecution should have been under section 2057, Kentucky Statutes, and not under the common law, because, as asserted, the former abrogated the latter, is equally wanting in merit. See Robertson's Kentucky Criminal Law, 2d Ed., sec. 1246.

Counsel for appellants Thompson and Jett also complain that a demurrer to the indictment should have been sustained because it did not allege that the Old Lewis Distillery Company was a corporation. The distillery company interposed a general demurrer to the indictment, but this demurrer was never ruled upon. It is not making any complaint of this alleged error. Counsel cite and rely on the case of Pryse v. Three Forks Deposit Bank's Assignee, 48 S. W. 415, 20 Ky. Law Rep. 1057, which holds in effect that a special demurrer lies to a petition of a corporation which fails to allege that the plaintiff was a corporation, etc. But if the alleged defect in the indictment could be raised by a general demurrer and the distillery company's codefendants are in position to raise the question, the court having failed to pass upon the demurrer, the question might be considered as waived. See Newsome v. Commonwealth, 227 Ky. 710, 13 S. W. (2d) 1046. It is further argued in substance that the liability of the defendants, if any, is several and not joint, and that the verdict and judgment imposing a joint fine are erroneous. Counsel are unquestionably correct in this contention.

In Bosleys v. Commonwealth, 30 Ky. 598, 7 J. J. Marsh 598, three men by the name of Bosley were jointly indicted for assault and battery and found guilty jointly by verdict of the jury, and their punishment fixed at a fine of $250. The court entered judgment jointly against them for such amount, and that was assigned as error on appeal. In disposing of it the court said:

"We think the verdict and judgment erroneous. Although the law allows a joint indictment and trial, still a joint judgment is erroneous, because thereby one of the defendants may be compelled to pay the whole amount, and in that event he would not be entitled to contribution from his codefendants. Thus the other defendants would escape punishment entirely, and the whole burden might fall upon him who was least blameable in the trans-

action. So far it would savor of punishing one man for the guilt of another.''

In Curd & Ward v. Commonwealth, 53 Ky. 386, 14 B. Mon. 386, the two parties were jointly indicted for keeping a tipplinghouse. The statutes under which they were indicted fixed punishment for such offense at a fine of $60. The jury having returned a verdict finding the defendants guilty, it was held that the judgment should be for a fine of $60 each. The rule laid down in the Bosleys Case has never been, and as we view the matter should not be, departed from.

It is further argued that a motion for a peremptory instruction should have been sustained especially as to the Old Lewis Hunter Distillery and Lovell Jett, and this calls for a brief recital of the evidence. In December, 1935, the distillery entered into a written contract with Paul Thompson and another, whereby Thompson and his associate purchased all the slop produced by the distillery for a period of about 5 years, except for certain periods during each year; the slop to be taken from storage tanks on the distillery premises by Thompson and his associate. A few days after that contract was entered into, Thompson and his associate leased from Lovell Jett a tract of 18 acres of land adjacent to or near the distillery property for the purpose of feeding and slopping cattle, and Thompson and his associate kept and fed cattle on the leased premises. The distillery slop was piped from the tanks on the distillery premises to the feeding lot by the feeders. According to the evidence for the Commonwealth, the feeding lot became a quagmire of refuse and putrid filth, which gave off vile and offensive odors that permeated the air in the entire community. Physicians and health authorities testified fully concerning the condition, and their evidence clearly indicates that it was such as not only to interfere with the comfort of the citizens of the community, but that it also endangered their health, and a more dangerous and offensive nuisance than that pictured by the evidence cannot be imagined.

The distillery company had no control over the premises where the feeding was done, and did not participate or have any interest in the feeding operation. In its contract to furnish the slop to the feeders, it was recited that it had theretofore dumped thin slop on cer-

tain premises, and that in the event cattle were fed the slop on such premises the distillery company would assume responsibility for slop theretofore dumped thereon. The indictment was returned on the second day of March, 1937, and charges that the defendants from the 15th day of March, 1936, up to and including the time of the filing of the indictment, did the acts and things complained of. There is no evidence that the distillery company dumped any slop on the premises at any time subsequent to its contract with Thompson and his associate. The mere fact that the company sold slop to the feeders did not render it liable for a nuisance created by the way and manner in which the slop was disposed of by the buyer. A farmer or any dealer might have sold to the feeders, hay, corn, or any provender to be fed to the cattle, yet would not be responsible because the feeding was done in such a way as to create a nuisance. Since the distillery company had no interest in the property or the feeding operation, and did not actually participate in the creation of the nuisance complained of, it is apparent that its motion for a peremptory instruction should have been sustained. However, a different question would be presented if it had been charged and shown that the distillery company, by dumping slop prior to or after the feeding operations started, participated in the creation of the alleged nuisance.

On behalf of appellant Jett it is insisted that since he had leased the premises to the feeders and thereafter had no control over them, and did not participate in the feeding operation, his motion for a directed verdict should have been sustained. Mr. Jett admitted that complaint had been made about the conditions of the premises he leased to the feeders growing out of the dumping of slop thereon before he leased it. He knew the purpose for which the lot was being leased, and that the placing of hundreds of cattle thereon would necessarily, because of conditions already existing and the feeding operation thereafter to be carried on, result in the very conditions complained of. He therefore cannot escape liability because he had leased the property to another. See 20 R. C. L. 394, sec. 17. A person may not use his own property so as to constitute a nuisance and violate the rights, health, and comfort of others, Petroleum Refining Company v. Commonwealth, 192 Ky. 272, 232 S. W. 421; nor may he know-

ingly permit another to so use it. Therefore, in the proven circumstances, we are constrained to hold that the court did not err in overruling appellant Jett's motion for a peremptory instruction in his favor.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.