## Commonwealth v. Wiman et al.

November 23, 1948.

A. E. Funk, Attorney General, Guy L. Dickinson, Assistant Attorney General, Farland Robbins, Jack Fisher, Henry Jack Wilson for appellant.

McDonald & Boaz and M. C. Anderson for appellees.

OPINION OF THE COURT BY JUDGE SILER—Certifying the law.

The trial court sustained a general demurrer to an indictment, which charges Vaughan Wiman and others, the appellees, with the public offense of maintaining a

nuisance. The Commonwealth then perfected this appeal seeking a certification of the law.

This indictment first accuses appellees of "unlawfully, wilfully and knowingly maintaining a public nuisance." Then it further describes the offense according to the following terms, in general substance, viz. (1) permitting dead animals to remain on appellees' property near residences of other people and (2) permitting the remains of dead animals to pollute a stream and kill fish therein and (3) permitting a health hazard to arise by reason of the unsanitary conditions allowed to exist upon appellees' property in controversy.

The Commonwealth contends that the indictment was a valid common law charge against the appellees, while the latter contend that any common law offense, which has been denounced by statute, must be charged in terms of the statute alone rather than in terms of the common law.

Our statutory law provides fines ranging from $10 to $50 for failure to make sanitary disposal of a dead body of an animal. See KRS 257.160 et seq.

Similar law also provides fines ranging from $100 to $1,000 or prison sentences up to six months or both fines and prison sentences for pollution of a stream to the detriment of fish therein. See KRS 150.460 et seq.

Similar law also provides fines ranging from $10 to $100 for permitting a public health hazard to exist on private property. See KRS 212.210 et seq.

In one instance of a nuisance, which we recognized as being repugnant to both statutory and common law, this Court held that a criminal prosecution therefor need not stand solely upon the statute to the exclusion of the common law, the former not having abrogated the latter in the absence of an express or implied provision to such effect. See Old Lewis Hunter Distillery Co. v. Com., 273 Ky. 316, 116 S. W. 2d 647.

In 8 R. C. L. 59, we find the following announcement of principle governing a situation such as the one now before us, viz.: "In the states where the common law as to crimes is in force, if a statute fixing a penalty for an offense does not expressly or by implication cut

off the common law prosecution or punishment for the same offense, the statute must be taken to intend only a cumulative remedy, and the common law remedy still remains.''

Kentucky is a common law state. It traces its unwritten law back to its maternal Virginia and thence back to the crown of England. See Nider v. Com., 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913 E. 1246.

Appellees concede in their brief that maintaining a nuisance has always been a common law offense. However, they say that a common law offense, which is also denounced and penalized by statute, must be punished in accordance with the statute, alone, as indicated by KRS 431.070. Appellees are correct as to the punishment proposition. But we are now considering a sufficiency of charge proposition, not a punishment proposition. Before us there is now an indictment, not a penalty. We consider that this indictment was shooting at the large circular target of public nuisance, and while that large circle contained smaller circles, such as (a) dead animals on premises and (b) pollution of a stream, yet the large circle, the public nuisance, loomed up as the real bull's eye of this charge. It is elementary that the meaning of an indictment must be ascertained from the entire instrument rather than from some particular part of it standing alone. Allen v. Com., 178 Ky. 250, 198 S. W. 896.

Still further, we should note that Section 126, paragraph 4, Kentucky Criminal Code, contains the following provision: ''No indictment shall be held invalid because the accusatory portion charges a common law offense and the descriptive portion describes a statutory offense, or the converse if the offenses are of the same nature or are commonly known by substantially the same name.''

Now, in the instant case, we find the accusatory portion of this indictment charging a common law offense. Then we find the descriptive portion describing, among all else, some statutory offenses. Yet, if we literally follow out the mandate of the above mentioned code provision, relating to this specific subject, we are compelled to regard this indictment as one of thoroughbred legality rather than one of mongrelized bastardy as we stand

568

face to face with legislative pronouncement upon the controversy.

Wherefore, the law is now certified in accordance with our views set forth above.