**Paul J. PRYOR, Appellant,**

v.

**Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1962.

Paul J. Pryor, appellant, pro se.

John B. Breckinridge, Atty. Gen., Ronald M. Sullivan, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Paul J. Pryor, was convicted of murder and sentenced to life imprisonment. He filed a petition for a writ of habeas corpus in the Lyon Circuit Court on the grounds that KRS 435.010, which reads "Any person who commits willful murder shall be punished by confinement in the penitentiary for life, or by death," does not prohibit the act by merely fixing the punishment for murder. He contended that such a statute must also define the nature of the crime, and that the indictment and conviction under it contravene Section 1 of the Fourteenth Amendment to the Constitution of the United States. He further complained that the indictment contained elements taken from the common law definition of willful murder and such a procedure is not authorized by KRS 435.010.

Kentucky is a common law State. Our common law originated as an English institution evolved from local rules and customs which were in time recognized by the King's Court. That great mass of law has been accepted as part of the general law of almost every State of the Union.

By an Act of the Virgina General Assembly of 1776 it was declared "that the common law of England, all statutes or acts of parliament made in aid of the common law prior to the fourth year of the reign of King James I, and which are general, and not local to that kingdom * * * shall be the rule of decision, and shall be considered in full force, until the same shall be altered by the legislative power of this colony." Ray v. Sweeney, 14 Bush 1, 77 Ky. 1.

The fourth year of the reign of King James I was in the year 1607. On May 14, 1607, the first permanent English settlement in America was founded on Jamestown Island, in the James River, near the present city of Norfolk, Virginia. Apparently the General Assembly of Virginia considered this event to be an appropriate cutoff date.

Section 233 of our Constitution provides:

"All laws which, on the first day of June, one thousand seven hundred and ninety-two, were in force in the state of Virginia, and which are of a general nature and not local to that state, and not repugnant to this constitution, nor to the laws which have been enacted by the general assembly of this Commonwealth, shall be in force within this state until they shall be altered or repealed by the general assembly."

It will be noted that the Act of the General Assembly of Virginia of 1776 accepted generally the common law as developed by the courts, but excluded statutes or acts made before 1607. However, KRS 447.040 has further limited the scope of our acceptance. It reads: "The decisions of the courts of Great Britain rendered since July 4, 1776, shall not be of binding authority in the courts of Kentucky."

 It has long been accepted by the bench and bar that the common law prevails unless changed by our constitution or statutes. A good statement of this principle may be found in Nider v. Commonwealth, 140 Ky. 684, 131 S.W. 1024, where it is said:

"If this was an offense at common law, then it would also be an offense in this state, even if we had no statute on that subject, as the common law of England and all acts of Parliament made in aid thereof have since the organization of this state been a part of the body not only of the criminal but the civil law, except where it has been abrogated or superseded by statute, or is repugnant to the spirit of our laws or the public policy of the state. And so it is that when there is a wrong to be punished, whether it be great or small, or an injury to be redressed, whether it be big or little, and no statute law of this state can be found that will afford the punishment or offer the remedy, we turn to the common law for relief. And if we can find there a principle that is applicable to the situation or condition, its aid may be invoked and under it the wrong punished or the injury redressed."

We have discussed at some length appellant's theory of the case; however the question should have been raised upon direct appeal from the original judgment by which he was convicted of murder. We have often held that the writ of habeas corpus may not be invoked to obtain relief which properly should have been sought by appeal. See Owen v. Commonwealth, Ky., 280 S.W.2d 524; Etherton v. Jones, Ky., 350 S.W.2d 151; Brown v. Hoblitzell, Ky., 307 S.W.2d 739.

Judgment affirmed.