CASE 5—INDICTMENT—JUNE 11.

## Clem (alias Clemons,) vs. Commonwealth.

APPEAL FROM HARLAN CIRCUIT COURT.

To authorize the reversal of a judgment of conviction for felony, upon the ground that the circuit court erred in admitting important evidence against the defendant, it must appear that exceptions were taken thereto at the time.

The court of appeals cannot disturb a judgment of conviction in a criminal case, for errors in instructing or refusing to instruct the jury unless the record furnishes the assurance that it presents *every instruction* which was given. ( *Crim. Code section* 335.)

A bill of exceptions in a criminal case states: "This being all the evidence and proceedings, the attorney for the Commonwealth asked the court to give the following instructions"—going on to enumerate them—"to each and all of which the defendant objected, but the court overruled the objections and the defendant at the time excepted and still excepts. The defendant then asked the court to give the following

instructions which the court gave"—going on in like manner to set them out. This being all that is said on the subject of the instructions—*held*, upon appeal by the defendant, that the bill of exceptions does not show either in terms, or by any fair deduction from its statements, that it contains *all* the instructions given by the court to the jury, and therefore the court of appeals cannot reverse on the ground that the circuit court erred in the instructions recited in the record.

ANDERSON & RICE for appellant cited *Criminal Code, sec.* 220 ; 1 *Greenleaf's Ev., page* 208–9 ; *Warnock vs. Commonwealth, MS. opin. June* 1856 ; *Meredith vs. Commonwealth ; Adwell vs. Commonwealth,* 17 *B. Mon.* 310.

A. J. JAMES, Attorney General, for Commonwealth, cited *Criminal Code, secs.* 334, 335; *Roscoe's Crim. Ev., pp.* 56, 57.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The appellant was indicted for the murder of Benjamin Ervine, was found guilty, and from the judgment of conviction, rendered by the court below, has prosecuted this appeal.

Many of the objections taken to the proceedings are not embraced by either of the four classes of errors for which this court is authorized, by law, to reverse a judgment of conviction, and such objections will not, therefore, be noticed.

It is insisted, on behalf of the appellant, that the circuit court committed errors to his prejudice in admitting important evidence against him. It does not appear from the record, however, that any exceptions were taken to any of the evidence offered by the Commonwealth and permitted to go to the jury, and for this reason, even if it appeared that improper evidence had been admitted upon the trial, the appellant could not avail himself of such error as a ground of reversal.

But the point mainly relied upon is, that the court erred to the prejudice of the appellant in instructing the jury.

Whether the law of the case was correctly expounded by the court in all the instructions contained in the record, or not, need not be decided.

This record presents the question whether, conceding the instructions to have been erroneous to the full extent contended for, this court has the power to reverse the judgment upon that ground?

By the Criminal Code, (*section* 335,) it is provided that "a judgment shall not be reversed for an error in instructing or refusing to instruct the jury, unless the bill of exceptions contain *all* the instructions given by the court to the jury, and unless it shall thereupon appear that the law applicable to the case was not correctly and fairly given to the jury."

The bill of exceptions before us, after setting out the evidence, contains the following statement in reference to the instructions : "This being all the evidence and proceedings, the attorney for the Commonwealth asked the court to give the following instructions"—going on to enumerate them—"to each and all of which the defendant objected ; but the court overruled the objection, and the defendant at the time excepted and still excepts. The defendant then asked the court to give the following instructions which the court gave"—going on in like manner to set them out. And this is all that is said on the subject of the instructions.

We concur with the counsel for the appellant, that it is not absolutely necessary that the record should state, in terms, that *all* the instructions given by the court were contained in the bill of exceptions. Any equivalent expression, or any language or statement that would convey, with reasonable certainty, the same idea, would doubtless be held sufficient to answer the requirements of this provision of the Code. The object and spirit of the rule is, that this court shall not disturb a judgment of conviction for error in instructing or refusing to instruct the jury, unless the record furnishes the assurance that it presents *every instruction* which was given. The reason and policy of this rule are too obvious to require comment.

We are furnished with no such assurance by any thing appearing in the record before us. The statement that the instructions mentioned in the bill of exceptions were given, is not at all exclusive of, or inconsistent with, the assumption that other instructions were given, the effect of which might have been so to explain or modify the former as to remove any objection to which they might, by themselves, be considered liable.

It cannot be said that the application of the rule to the record in this case is unduly rigid or technical. If it had been the object of the court, or of the party making out the bill of exceptions, to set out but a part only of the instructions given, we do not see that more appropriate language could have been, or that other language would probably have been, selected for that purpose. The Code of Practice in Criminal Cases abounds with restrictions upon the jurisdiction and power of this court in cases of felony. These restrictions cannot be disregarded, whatever may be the seeming hardship of their application to particular cases. The legislature has declared in the plainest terms, that no judgment shall be reversed for errors relating to the action of the court in giving or refusing instructions, unless the record contains *all* the instructions given. To say that this bill of exceptions does "contain all the instructions given by the court to the jury" would be to state a conclusion of fact unwarranted by its language, or by any fair deduction from its statements.

The judgment is therefore affirmed.