OLIVER WADDLE *v.* COMMONWEALTH.

**Criminal Law—Instructions—Exceptions.**
> In a criminal case where no exceptions are made to instructions given at the instance of the commonwealth, objections are waived and will not be considered by the court of appeals.

**Sufficiency of Indictment.**
> The court of appeals has no power to reverse a criminal cause on account of the trial court's error in overruling a demurrer to an indictment.

**APPEAL FROM BUTLER CIRCUIT COURT.**

January 13, 1876.

OPINION BY JUDGE COFER:

The instructions given at the instance of the commonwealth were not excepted to by the defendant; and this court has so repeatedly held that unless exceptions are taken to the giving of instructions in criminal trials, they are waived, that we do not now feel at liberty to hold that exceptions are unnecessary.

This construction of the Criminal Code was adopted as early as 1860 in the case of *Clem v. Commonwealth*, 3 Met. 10, and in *Burns v. Commonwealth*, Ib. 13, and has been repeatedly recognized and acted upon since that time, and the matter has thus been placed beyond the power of this court. If the ends of justice demand a change in the practice in this regard, the legislature alone is competent to make it. The indictment seems to us to be sufficient even on demurrer, but whether so or not we have no power to reverse for error in overruling a demurrer to an indictment. Sec. 334, Crim. Code.

KENTUCKY OPINIONS.

The court did not err in refusing to arrest the judgment. The indictment stated facts constituting a public offense within the jurisdiction of the Butler circuit court, and under section 271 the judgment could not be properly arrested. It was not necessary to describe the manner in which or to indicate in the indictment at what part of the house the alleged breaking and entry were made.

The defendant did not object to the jury being allowed to separate; and if he had, this court would have no jurisdiction to consider the propriety of that action on the part of the circuit court.

The variance between the name given on the indictment and judgment and that in the verdict was not material, and especially is this true in view of the fact that in one of his own instructions the defendant called himself by the same name by which he is called in the verdict.

We perceive no error available on the record for a reversal of the judgment, and it must therefore be *affirmed.*

*B. L. D. Guffy, A. Duvall, for appellant.*
*T. E. Moss, for appellee.*