Case 47.—PROSECUTION AGAINST W. R. RAYMOND FOR BARN BURNING.—Sept. 26.

## Raymond v. Commonwealth.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Defendant convicted and appeals. Reversed.

1. Arson—Trial for Burning Barn of V.—Threats Against V. and R.—Evidence of Burning House of R.—Competency—On the trial of one for burning V.'s barn, it was incompetent to introduce evidence that about a month prior to that time the house of R. had also been burned. The fact that accused had previously to either of the burnings, threatened to "get even" with both V. and R., did not make the burning of R.'s house competent on the trial of accused for burning the barn of V.

Raymond v. Commonwealth.

2. Incompetent Evidence—Caution of Trial Court—Consideration by Jury—The fact that on the admission of this evidence, the trial judge cautioned the jury that they were only to consider this evidence in so far as it tended to establish the guilt' of the defendant of the crime of burning V.'s barn, did not tend to cure the evil of the admission of the incompatent evidence of the burning of R.'s house.

C. W. MILLER attorney for appellant.·

The defendant relies on the following grounds for a reversal:

1. The court should have granted defendant a continuance.

2. The letters alleged to have been written by defendant to Vanmeter were not identified.

3. Proof of the burning of Ruark's house was improperly admitted.

4. Improper conduct of commonwealth's attorney.

5. The verdict is not justified by the evidence.

### AUTHORITIES CITED.

Nichols v. Kingdon Iron Ore Co., 56 N. Y., 618; State v. Toliver, 47 La. Ann., 1099; [17 So., 502]; Donnelly v. Donnelly, 25 Ky., Law R., 1544; Murphee v. Senn, 107, Ala., 424; [18 So., 264]; Abbotts Trial Brief [Criminal] page 410; People v. Corbin, 56 N. Y., 363; [15 Am. Rep., 427]; Coleman v. People, 55 N. Y., 81; Ryan v. State, 60 N. J. L., 552; [38 Atl., 672].)

N. B. HAYS Attorney General and C. H. MORRIS for appellee.

1. The proof of the burning of Ruark's house was competent under the instruction of the admotion given by the court.

2. The letters given in evidence were admitted by the defendant as written him.·

3. The record shows no such misconduct of the attorney for the commonwealth as will authorize a reversal.

4. The motion for a continuance was not made ground for a new trial, and cannot be considered on appeal.

· OPINION· BY JUDGE BARKER—Reversing.

The appellant was tried in the Fayette circuit court and found guilty of the offense of barn burning, and his punishment fixed at confinement in the penitentiary for a term of six years.

He was the sub-tenant of J. C. Ruark, the tenant of

S. L. Van Meter, and having had some misunderstanding with the latter, proceedings were instituted against him by Ruark, at the instigation of Van Meter, to evict him from the room he was occupying as sub-tenant. These proceedings were so successful that appellant was forced to leave the premises in February when the weather was very inclement. He was greatly angered at what he considered this oppression on the part of his landlords and made threats that he would "get even" with them both. After his eviction he seems to have left the State, and taken up his residence in Cincinnati. On the 10th of July, 1905, the house occupied by Ruark on the Van Meter farm was burned in the night-time, and on the 6th of August, 1905, the barn of Van Meter was also burned in the night. Appellant was indicted by the grand jury of Fayette county, charged with this latter offense. He was arrested in Cincinnati, brought to Lexington, and tried, with the result before stated.

The conclusion we have reached as to the merits of this appeal renders it improper that we should discuss the evidence further than to say that, in our opinion, it was sufficient to warrant the submission of appellant's guilt or innocence to the jury.

One of the rulings complained of is that the court permitted the fact that Ruark's house was burned to be given in evidence on the trial. This we think was error. The issue being tried by the jury was whether or not appellant burned Van Meter's barn. The fact that, a month before, Ruark's house had also been burned had no legal connection with the guilt or innocence of the accused of the offense with which he stood charged. The first was entirely collateral to the latter, and the fact that there was evidence that the accused had threatened to "get even" with both Ruark and Van Meter did not so connect the two offenses as to make the production of the evidence

of one a necessity in establishing the other. At best, the fact that Ruark's house was burned was only an incident which would tend to establish a suspicion in the minds of the jury that he was also guilty of the offense for which he was being tried. The necessity of confining the evidence adduced, to that which tends to establish the issue being tried, is too apparent to need elaborate elucidation. The defendant is called upon to defend himself against the charge set forth in the indictment. He cannot intuitively know how to produce evidence to defend himself against a charge which he cannot in advance ascertain will be made against him.

The case in hand affords a good illustration of the evil arising from a violation of the rule we have under discussion. In the indictment against the accused, he is charged with the burning of Van Meter's barn. In the trial, evidence is adduced to show that Ruark's house was burned a month before the burning of Van Meter's barn. This evidence was adduced for the purpose, as the court told the jury, of establishing (if in their opinion, it had that effect) the guilt of the defendant of the offense for which he was being tried. By this evidence he was reduced to the dilemma of either saying nothing as to the burning of Ruark's house, or of attempting to disprove his guilt of that offense. What opportunity was given him to produce witnesses to show his innocence? Suppose, for instance, at the time Ruark's house was burned he was in Louisville, Ky., and could have established an alibi if given an opportunity. No such opportunity was, or could be, given him; and, therefore, he was forced to allow this damaging testimony to go to the jury undenied, except by his own testimony. The caution of the judge to the jury that they were only to consider this evidence in so far as it tended to establish the guilt of the defendant of the crime of burning Van Meter's barn, in no wise tended to cure the evil of

the admission of the incompetent evidence. It simply transferred to the jury the question as to whether the evidence was or was not competent, a decision which should have been made by the court, it being the duty of the latter to decide all questions of competency of the evidence, and the duty of the former to give the proper weight to that which is competent.

In Russell on Crimes (9th Ed.) vol. 3, p. 279, it is said: "No evidence can be admitted which does not tend to prove or disprove the issue joined. In criminal proceedings the necessity is stronger, if possible, than in civil, of strictly enforcing the rule, that the evidence is to be confined to the point in issue; for where a prisioner is charged with an offense, it is of the utmost importance to him that the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, which alone he can be expected to come prepared to answer. It is, therefore, a general rule, that the facts proved must be strictly relevant to the particular charge, and have no reference to any conduct of the prisoner unconnected with such charge." The foregoing rule is quoted with approval by Roscoe in his work on Criminal Evidence (8th Ed.) vol. 1, page 92. In the case of Snapp v. Commonwealth, 82 Ky. 173, 6 Ky. L. R. 34; the court, after stating the rule that, where several felonies are parts of the same transaction, evidence of all is admissible on an indictment for any one of them, said: "This rule, however, does not apply to a case like this, where a charge of larceny alleged to have been committed on one day is attempted to be established by proof of another larceny committed on a different day, although from the same party and under the same employment." In the case of Spurlock v. Commonwealth, 20 S. W. 1095, 14 Ky. Law Rep. 605, the defendant was charged with the murder of one Caywood, and it was shown that he belonged to one or two bands of murderers and maraud-

ers who were engaged in a feud in Harlan county, Ky.; and it was sought, in his trial for the offense of murdering Caywood to show that other persons had been murdered by the band to which he belonged. For the admission of this evidence the judgment of guilty was reversed by this court, it being said in the opinion: "He was arrainged and placed on trial for the murder of Caywood, and for this offense he could be tried under the indictment, and for no other; and, therefore, all the evidence as to the offenses certain murderous clans had previously committed was incompetent, or that other men had been shot and killed or wounded should have been excluded from the jury.' In the case of Clark v. Commonwealth, 111 Ky. 443, 23 Ky. L. R., 1029; 63 S. W. 740. the defendant, who was a physician, was charged with the murder of Cora Waller, committed in an attempt to perform an abortion upon her. Upon his trial, evidence of his admission that he had committed abortions upon other women was permitted by the trial court. This was held by this court to be error, it being manifest that the evidence was adduced to establish primarily the guilt of the accused in having perpetrated the act of abortion, and not for the purpose of showing the intent.

Greenleaf in his work on Evidence, after stating the rule that evidence must correspond with the allegation, says (sec. 52): "This rule excludes all evidence of collateral facts, or those, which are incapable of affording any reasonable presumption or inference, as to the principal fact or matter in dispute, and the reason is, that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice, and mislead them; and, moreover, the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it." In Cyc. p. 405, it is said: "The general rule is that on a prosecution for a particular crime, evidence which

in any manner shows or tends to show that the accused has committed another crime, wholly independent of that for which he is on trial, even though it be a crime of the same sort, is irrelevant, and inadmissible.''

The exceptions to the rule as herein stated are those cases where the commission. of other offenses tends to show the intent with which the act is committed, or the guilty knowledge of the defendant, or where the two crimes are so interwoven that one cannot be proved without the production of the facts which constitute the evidence of the other. Nothing of this sort existed in the case at bar. If defendant burned Van Meter's barn at all, the intent to commit the crime with which he stood charged could not be denied; and the fact that Ruark's house was burned a month before was not so connected with the burning of Van Meter's barn as required evidence of the one to be produced in order to establish the other.

Throughout this opinion we have discussed the proposition under consideration as if the evidence showed that Ruark's house was burned by an incendiary, this attitude being more favorable to the commonwealth; but, in reality, there was no evidence that the house was burned feloniously; indeed, the trial court ruled, expressly, that it was not competent to establish incendiarism with reference to the burned house; so that the mere fact that the house was burned was allowed to go to the jury as evidence (if they chose to deem it so) of the felonious burning of the barn by the defendant. By the introduction of this incompetent evidence the undisciplined minds of the jurors were given free rein to suspect what they pleased from the co-incidence of the two fires. First, they might suspect, without evidence, that Ruark's house was burned by an incendiary; second, they might without evidence, suspect that the incendiary was the accused, and then draw the conclusion that,

if he had burned Ruark's house, he also burned Van Meter's barn. That this elevated what was, at best, a mere co-incident, into probative evidence, to the manifest injury of the material rights of the accused, cannot be doubted. We see no reason why any other unexplained misfortune which happened to Ruark prior to the burning of Van Meter's barn could not also have been given in evidence on the trial of this case with equal propriety. For instance, if a member of his family had died under circumstances that were mysterious, or any of his stock had died without cause therefor being apparent, these facts might with equal justice have been allowed to be shown to the jury for the purpose of establishing the guilt of the accused of murder or malicious mischief, and thus aided them in reaching the conclusion that he was also guilty of arson.

Alone for the error herein pointed out, the judgment is reversed for a new trial consistent with this opinion.

HOBSON, C. J. (dissenting). Appellant was indicted for burning the barn of S. L. Van Meter. The barn was found afire about 1 o'clock at night under circumstances indicating that it had been set afire. There was no direct evidence connecting the defendant with the commission of the crime. The evidence against him was wholly circumstantial. The Commonwealth showed that at the instigation of Van Meter appellant had been evicted from the house of Ruark in February and that he had then vowed vengeance against them both, declaring that he would get even with them and that they would regret it. He then shipped his goods away from Lexington under an assumed name, and when found in Cincinnati gave an assumed name, denying his indentity. He also claimed that he had not been back to Kentucky since he left there, after his eviction. A few weeks before Van Meter's barn burned Ruark's house burned, the circumstances pointing to its being set afire, the

fire occuring about the same time at night as the burning of the barn. There was proof that the prisoner was seen in the neighborhood on the morning the barn burned, and when he was told what he was arrested for in Cincinnati, he said in effect: "Would you not burn anybody's barn, too, who would set you out in the road in the middle of the winter?" The question is on these facts, whether the burning of Ruark's house was competent to be proved by the Commonwealth on the trial.

The rule that the commission of other crimes may not be shown is subject to some well-defined exceptions. When the motive of the defendant is material, any fact throwing light upon that question may be shown, and when two crimes are the result of the same motive, or part of the same plan or design, both may be proven. In other words, all that the defendant did in execution of the one design, where that design is a material fact of the case, may be shown, although it involved the commission of other offenses than that for which he is on trial. Proof of the commission of other offenses is also sometimes admitted, to rebut the presumption of accident. Fires occur mysteriously. Every midnight fire is not of incendiary origin. Any fact which reasonably tended to show that the burning of Van Meter's barn was not accidental, but the work of an incendiary, or which tended to connect the defendant with the burning, was competent. There are a great many authorities illustrating these conclusions. Thus where a prisoner was charged with the murder of her child by poison and the defense was that the taking of the poison was accidental,, evidence was admitted to show that two other children of the prisoner and a lodger in her house had died from the same poison, within a year previous to the death of the child, (Reg. v. Cotton, 12 Cox's Cr. Cas., 400); and where the prisoner was charged with suffocating her infant child in bed, evi-

dence was admitted that she had had. four other
children who had died at early ages by·causes not
shown.   Reg. v. Roden, 12 Cox's Cr. Cas., 630.   So,
on trial for infanticide, a confession that the women
had before had a child in the same way, and had put
it away, was admitted.   State v. Shuford, 69 N. C.
486.   In Rex v. Bailey, 2 Cox, Cr. 311, the fire had
originated near the kitchen where the prisoner stayed
as a servant.   Evidence was offered of two fires occur-
ring shortly before in other parts of the house, though
no connection of the prisoner with these was shown.
The evidence was held clearly competent.   In that
case the following precedent is cited:   On the trial
of Donellan for the murder of another by administer-
ing poison to him, evidence was allowed that the
deceased was in the habit of fishing under a certain
tree which hung over a deep and dangerous brook,
and that this tree had been sawn almost in two, by
some unknown person.   In State v. Thompson, 97
N. C. 496, 1 S. E. 921; Commonwealth v. McCarthy,
119 Mass. 355; Kramer v. Commonwealth, 87 Pa. 299,
all burning cases, where the proof of the prior burn-
ing was no more connected with the offense charged
than with the one we have before us, the evidence was
admitted.   The rule is that where several felonies
are connected together as· a part of one common
scheme and all tend to a common end, they may be
given in evidence.   People v. Stout, 4 Parker, Cr. R.
(N. Y.) 71; 1 Wigmore on Evidence, §304; 1 Jones on
Evidence, §144.

In 4 Elliott on Evidence, §2720, the rule is thus·
stated:   "Generally speaking, it may be said that
evidence of other crimes is admissible for the purpose
of showing—when it fairly tends to do so—motive,
intent, the absence of mistake or accident, common
scheme or plan embracing the commission of two or
more crimes so related to each other that proof of one
tends to establish the others, or the identity of the

person charged with the commission of the crime on trial. But the particulars of a collateral crime should not ordinarily be gone into, further than they are relevant to the purpose for which the evidence is competent.'' See, also, State v. Molineux (N. Y.) 61 N. E. 286, 62 L. R. A. 193, and notes; People v. Seaman (Mich.) 65 N. W. 203, 61 Am. St. Rep. 326.

In O'Brien v. Commonwealth, 89 Ky. 367, 11 Ky. L. R., 534; 12 S. W. 473, this court thus laid down the rule: "Necessarily, where the commission of crime can be shown only by proof of circumstances, the evidence should be allowed to take a wide range, otherwise the guilty would often go unpunished. It is true, there must be some connection between the fact to be proved and the circumstances offered in the support of it, yet any fact which is necessary to introduce or explain another, or which affords an opportunity for any transaction which is in issue, or shows facilities or motives for the commission of the crime, may be proven. Even evidence tending to prove a distinct offense is, therefore, admissible, if it shows facilities or motives for the commisson of the one in question. The purpose is to weave a net about the guilty, and often can no more be done by proof of a single circumstance than the building of a house with a single brick.'' This was approved in the recent cases of O'Brien v. Commonwealth, 74 S. W. 666, 24 Ky. Law Rep. 2511, and Bess v. Commonwealth, 116 Ky. 927, 77 S. W. 349, 25 Ky. Law Rep. 1091. The threat of the prisoner was against both Ruark and Van Meter. His hostility was directed to both of them. His criminal design which he had in mind was to get even with both of them. If the Commonwealth is allowed to prove only the burning of Van Meter's barn it will not make out that the defendant carried out his threat. For all that would then appear the jury might be left in doubt whether he had carried out his threat as to Van Meter, there being no evidence that he had car-

Raymond v. Commonwealth.

ried it out as to Ruark. It being admitted that
he had made the threat, proof of the different steps
that he had taken in executing the threat was compe-
tent to throw light upon his motive in being in the
vicinity of the barn on the morning when it burned.
If he had already burned Ruark's house, in execution
of the threat, it was at least some grounds for infer-
ence when Van Meter's barn burned and he was in the
neighborhood without any business there, that
he was there for the purpose of carrying
out the threat that he had made, and which he
had already carried out in part by burning Ruark's
house. The proof also tended to show that
Van Meter's barn did not burn by accident. If his
threat had been in so many words that he would burn
the house and the barn, would it be maintained that
proof that he had already burned the house would not
be admissible in connection with the other circum-
stances proved here, to show that he had burned the
barn? If this was a civil case and Van Meter was
suing appellant for damages for burning his barn,
would it be maintained that the proof of his one
threat to burn both houses and the partial execution
of that threat by the burning of one of the houses,
would not be competent evidence against him on the
facts shown?

There was sufficient evidence that Ruark's house
was set on fire by an incendiary, to go to the jury.
The fire occurred in the part of the house which the
prisoner occupied and with which he was therefore
familiar. The way in which the house and barn were
fired afforded a reasonable inference that they were
the work of the same hand. But if there is any doubt
about this, the defendant cannot complain, for on his
objection the Commonwealth was required to limit
its evidence to that above indicated. The opinion of
the court proceeds on the broad ground that evidence
that he had committed the previous offense is incom-

petent.  In so holding, the court overlooks the fact
that the two fires were set in execution of one threat,
and pursuant to one plan.  All of the cases cited
in the opinion relate to independent offenses which are
wholly disconnected.  Not a single authority cited
in the opinion touches the principle upon which the
circuit court proceeded in admitting the evidence.
To say that the evidence was incompetent because
the defendant was reduced to the dilemma of saying
nothing as to the burning of Ruark's house, or of at-
tempting to disprove his guilt of that offense, is to
say that under no circumstances would the evidence
of the commission of another offense be competent,
for wherever proof of the commision of another of-
fense is introduced, the defendant is reduced to this
dilemma, and that the evidence may be admitted for
the purposes indicated, is conceded by all text-writers
on evidence.  If the defendant is taken by surprise
by the evidence his remedy is, as in any other cases
of surprise.  He should ask for time to meet it.

The court certainly does not mean to commit itself
to the doctrine that proof of the commission of other
offenses is only competent to show the guilty knowl-
edge of the defendant, or the intent with which he
committed the act charged.  No text-writer so limits
the doctrine.  It is true that if the defendant burned
Van Meter's barn at all, the intent to commit the
crime of arson cannot be denied, but the evidence
offered was competent to show the intent which in-
duced his presence in the neighborhood at the time
of the burning of the barn, and to show that the
burning of the barn was not accidental.  The evi-
dence served to connect the defendant with the burn-
ing.  Circumstantial evidence is not rejected if it
fails to prove a fact absolutely.  It is admitted if it
reasonably tends to prove it.  The common sense of
the jury is the reason that our law prefers a jury
trial.  It proceeds upon the idea that the jury have

sufficient intelligence to weigh the circumstances, and draw proper conclusions. The burning of the two houses was not a mere co-incidence. The circumstances show a direct and logical connection between them.

I therefore dissent from the opinion of the court.