## Jackson v. Commonwealth.

(Decided June 18, 1920.)

### Appeal from Fayette Circuit Court.

Arson—Evidence—Weight and Sufficiency.—On the trial of defendant for burning a house belonging to his divorced wife, which house adjoined his residence, testimony concerning the burning of his house, which occurred four days prior thereto, was incompetent, since it did not tend to establish identity, guilty knowledge, intent or motive for the commission of the crime for which he was being charged, nor was the burning of his house so interwoven with the burning of his wife's house that the facts concerning the two could not be separated. Neither was the testimony competent to show that the independent crime was committed for the purpose of concealing the one on trial, nor to establish a conspiracy, since none was charged in the indictment.

GEORGE VAUGHN for appellant.

CHARLES I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Garrett Jackson, was indicted, tried and convicted in the Fayette circuit court of the crime of arson and his motion for a new trial having been overruled, he prosecutes this appeal.

The principal error relied on for a reversal is the introduction by the Commonwealth, over defendant's objections, of incompetent testimony. Other objections to the verdict consist in improper argument of the Commonwealth's Attorney, which, however, was chiefly based upon the criticised evidence, and there was also objection by defendant to questions asked some of the witnesses by the Commonwealth's Attorney concerning the burning of some of defendant's property in years

prior to the burning for which he was indicted. But the objection to this testimony was sustained and the witnesses were not permitted to answer.

The house, for the burning of which the defendant was indicted, was No. 216 Owens street, Lexington, Kentucky, and was owned by Anna Belle Jackson, the divorced wife of the defendant, she having procured title to it some years before in a litigation for divorce and settlement of property rights between them. Defendant was left the owner of the house adjoining it, being No. 214 Owens street, and some time before the fire, for some reason not explained in the record, he conveyed that house to a woman by the name of Hattie Bean, but she never took possession nor exercised any control over it and defendant continued to reside in it, assessed it for taxation, and paid the taxes thereon. He also carried in his own name fire insurance on that house to the amount of $1,200.00, as we gather from the evidence. There was another policy on it for $1,000.00, but it appears that this policy was taken out by some attorneys to whom defendant had executed a mortgage to secure an attorney fee, and he claims that he had no knowledge of this latter policy. It seems that Anna Belle Jackson had something like $2,000 insurance on her house, although the property was listed at a valuation of less than $500.00. However, there is no testimony to show that her house was over insured; on the contrary, it is shown, and not disputed, that the restoration of her house (which was not entirely destroyed by the fire) would cost about $2,300.00. The fire which destroyed the house at 216 Owens street, belonging to Anna Belle Jackson, and for the burning of which the defendant was indicted in this case, occurred about ten thirty A. M., October 29, 1919  In the early part of the night of October 25, 1919, a fire almost completely destroyed the house which defendant claimed, but which he had deeded to Hattie Bean, as we have seen, and the testimony complained of was that given by the deputy fire marshal concerning the first fire of October 25. The substance of that testimony was a conversation between the fire marshal and defendant, which occurred the next day concerning the whereabouts of the latter at the time of the burning of his house on the evening of October 25. According to the witness, the defendant told an incoherent and contradictory story about taking some un-

known colored man to a stock farm located some distance from Lexington. The witness stated that the defendant first said on that occasion that he went only two miles into the country, and later said it was five miles, and still later said that it was nine miles; that he did not know the owner of. the stock farm nor the name of the man he carried there and was confused about the pike upon which the stock farm was situated. Upon objection to this testimony the court said (presumably in the presence of the jury, there appearing in the record nothing to the contrary): "I will instruct the jury that they will consider it for no other purpose except the method or practice of the defendant," to which statement of the court the defendant excepted. We think this testimony was irrelevant, for any purpose, on the trial under the indictment for burning the house at 216 Owens street, and it was highly prejudicial to the defendant's rights.

The general rule which obtains everywhere is that evidence of crimes other than the one on trial is not admissible except for certain purposes, such as to establish identity, guilty knowledge, criminal intent or motive for the commission of the crime for which the defendant is being tried; or where the facts in regard to the commission of the other offense and the one on trial are so interwoven, the one with the other, that they can not be separated, or where the independent offense was perpetrated to conceal the crime for which defendant is being tried, or when a conspiracy is charged in the indictment under which defendant is being tried, and the facts concerning the commission of the independent crime are relevant to show the conspiracy. Wigmore on Evidence, sec. 300; Jones on Evidence, sec. 145; Martin v. Commonwealth, 93 Ky. 189; Raymond v. Commonwealth, 123 Ky. 368; Morse v. Commonwealth, 129 Ky. 294; Romes v. Commonwealth, 164 Ky. 334; Graham v. Commonwealth, 174 Ky. 645; Clary v. Commonwealth, 163 Ky. 48; Music v. Commonwealth, 186 Ky. 51; Tull v. Commonwealth, 187 Ky. 413, and Morgan, et al. v. Commonwealth, 188 Ky. 458.

The complained of testimony in the instant case was not admissible under any of the exceptions enumerated, or any others which we can recall. It did not tend to establish the identity of the person who burned the house at 216 Owens street, or his guilty knowledge, in-

tent or motive; nor were the facts with reference to the burning of the first house so interwoven with those relating to the second fire as to be admissible under this exception to the general rule, nor could the commission of the crime of burning the first house, if it was incendiary, in any wise conceal the crime of burning the second house. Neither was it admissible to show any general reputation of defendant as an incendiary, if indeed such testimony would be admissible under any circumstances, nor would the crime of burning his own house establish a general course of conduct on the part of the defendant if it were admissible to establish such course of conduct by proof of independent crimes. There was no conspiracy charge in the indictment against defendant, hence the testimony concerning the first fire was not admissible to establish a conspiracy.

The facts in the Raymond case, *supra,* are very similar to those of the instant case. The defendant, Raymond, was indicted and tried for burning a barn belonging to S. L. Vanmeter, which burning occurred on August 6, 1905. A tenant house belonging to Vanmeter was burned on July 10, 1905, twenty-six days before the burning of the barn. The defendant had been ousted from the premises of Vanmeter by writ of forcible detainer, and he was so angered thereat that he threatened to "get even" with Vanmeter. On his trial under the indictment for burning the barn the court permitted testimony of the fact that the tenant house had been burned twenty-six days before the barn was burned, but after defendant had made his threats. This court, in reversing the judgment of conviction because of the introduction of the fact of the burning of the tenant house, said:

"The issue being tried by the jury was whether or not appellant burned Vanmeter's barn. The fact that a month before Ruark's house had also been burned had no legal connection with the guilt or innocence of the accused of the offense with which he stood charged. The first was entirely collateral to the latter, and the fact that there was evidence that the accused had threatened to 'get even' with both Ruark and Vanmeter did not so connect the two offenses as to make the production of the evidence of one a necessity in establishing the other. At best, the fact that Ruark's house was burned was only an incident which would tend to estab-

lish a suspicion in the minds of the jury that he was also guilty of the offense for which he was being tried. The necessity of confining the evidence adduced to that which tends to establish the issue being tried is too apparent to need elaborate elucidation. The defendant is called upon to defend himself against the charge set forth in the indictment. He cannot intuitively know how to produce evidence to defend himself against a charge which he cannot in advance ascertain will be made against him.''

The fact that the two fires in this case were closer together in point of time than were the two in the Raymond case would make but little if any difference as to the admissibility of testimony concerning the first fire. To our minds there were more logical grounds for the admission of the complained of testimony in the Raymond case, which the court rejected, than for the admission of the same character of testimony in this case. In that case the defendant had threatened the owner of the destroyed property, while no such facts exist in this case. If defendant burned his house at 214 Owens street, and his motive therefor was to collect the insurance, his purpose was accomplished when that fire occurred, and the admitted testimony could serve no purpose but to blacken the reputation of the defendant in the estimation of the jury without elucidating any fact in connection with the burning of the house for which he was being tried.

It was not competent for the Commonwealth's Attorney to interrogate defendant, or other Commonwealth's witnesses, concerning other fires occurring long prior to the one involved, but since the court sustained an objection to the questions, we are not prepared to say that the error of the attorney in propounding them would be sufficient to authorize a reversal. Since the remarks of the Commonwealth's Attorney to which objection was made, were based upon the testimony of the fire marshal, which we have discussed and held to be incompetent, it will not be necessary to consider or make other reference to them.

For the error indicated, the judgment is reversed, with directions to grant a new trial, and for proceedings consistent with this opinion.