David HARRIS and Carrie Harris, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee (two cases).

Court of Appeals of Kentucky.

June 24, 1960.

As Modified on Denial of Rehearing Feb. 24, 1961.

Harry F. Riddle, Ashland, for appellant.

P. H. Vincent, Ashland, for appellee.

Morris B. Borowitz, Louisville, for appellants.

John B. Breckenridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellants, David Harris and Carrie Harris, his wife, were convicted of arson, namely, of maliciously and wilfully burning their dwelling house, and were sentenced to three years' imprisonment. KRS 433.010. The grounds upon which they seek a reversal of the judgment are in two categories. One relates to the validity of the judgment. The other relates to the admission of evidence and improper argument by the prosecuting attorney.

The verdict was returned April 30, 1959. On the same day the defendants filed a motion for a new trial. It was overruled, and they were granted an appeal, which was perfected. (File No. F–51–59) The defendants executed bail during the pendency of the appeal from a judgment. But there is no record of any judgment having been entered at that time. A judgment was entered October 23, 1959, "nunc pro tunc as of April 30, 1959." On October 30 the defendants filed a motion to vacate the judgment of October 23 and another motion for a new trial. One of the grounds for setting aside the judgment was that neither of the defendants was present when it was rendered or pronounced against them, as is required by §§ 285, 286, Criminal Code of Practice. An affidavit to that effect was filed. An order was entered November 9, 1959, reciting that after a hearing on the motion, the judgment was set aside. Another judgment was entered on that day "nunc pro tunc as of May 5, 1959," and sentence was duly pronounced upon the parties in accordance with the verdict. Under our procedure, pronouncing judgment is sentencing the prisoner and in ordinary legal parlance, judgment and sentence have the same meaning. Criminal Code of Practice § 283, et. seq.; Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. This

order recites, as did the previous one, that the defendants and their attorney were present. The reason for setting aside the judgment of October 23 is not shown. It may have been because it was made effective as of April 30, which was the day the verdict was returned. See § 283, Criminal Code of Practice.

The defendants objected to the last judgment, that is, the one entered November 9, 1959. Three days thereafter, on November 12, they filed their affidavit that they were not present when that judgment was rendered. They made no motion to set aside the judgment on that ground. Although the first judgment, that of October 23, was vacated, appellants continue to attack its validity. That judgment and the challenge may be ignored.

An appeal has been prosecuted from the last judgment. (No. F–167–59) The two appeals have been consolidated.

■ 1. The appellants contend that the last judgment is void because it is joint and does not adjudge each defendant guilty or sentence each separately; that each party in a joint trial is tried individually and is to be punished only for his own offense if convicted. They rely on Bosley v. Commonwealth, 7 J. J. Marsh. 598, 30 Ky. 598; Caldwell v. Commonwealth, 7 Dana 229, 37 Ky. 229; Old Lewis Hunter Distillery Co. v. Commonwealth, 273 Ky. 316, 116 S.W.2d 647. They were misdemeanor cases in which the defendants were jointly fined. The judgments were erroneous since one of the defendants might be compelled to pay the whole amount of the fine and not be entitled to contribution from the other. In Arnold v. Commonwealth, 55 S.W. 894, 21 Ky.Law Rep. 1566, the court observed that the reasoning in the Bosley case did not apply to a joint judgment of imprisonment as it is the same as saying each defendant is to be confined according to the verdict and judgment. This was reiterated and confirmed in Thomas v. Commonwealth, 259 Ky. 786, 83 S.W.2d 460. So it is in the present case.

■ 2. Both the man and the woman were sentenced to imprisonment in the penitentiary at LaGrange. The appellants say "no elucidation is necessary" of their argument that on this account the judgment is void and erroneous "because women may not be incarcerated in that prison." But as "elucidation" we point to the statutes. "Penitentiaries" include that located at LaGrange and the branch located in Shelby County. KRS 197.010(3). We take notice, as do the appellants, that the latter is the women's prison. The Commissioner of Welfare is charged with the duty of classifying and segregating all prisoners in state penal institutions and may in his discretion "direct and compel the transfer of any prisoner from any penal institution" to another. KRS 197.065. There is no merit in this contention.

3. Nor, is there merit in the argument that a judgment nunc pro tunc is void. Reliance is placed upon Johnson v. Commonwealth, 80 Ky. 377; and Arnold v. Commonwealth, 55 S.W. 894, 21 Ky.Law Rep. 1566. In the Johnson case the trial court had orally sentenced the defendant to imprisonment without a judgment having been entered. All the case holds is that a skeleton entry on the Minute Book was insufficient and a subsequent entry of a judgment by the clerk after court had adjourned had no efficacy because not signed by the judge. The Arnold case only holds that mere knowledge or recollection by the court that something occurred does not authorize a nunc pro tunc order to that effect.

■ Where the record is otherwise complete, ordinarily there is no need to enter a judgment in a criminal case nunc pro tunc, although there may be exceptional circumstances which make such an order advantageous to the defendant or otherwise desirable in the interest of justice. "The term of a person convicted of crime does not begin before the rendition of final judgment. * * * If a judgment be entered at a later term of court, it is effective as of the date of its entry and the time allowed

by the law for perfecting an appeal is calculated from that date." Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029, 1034. This court has many times approved the entry of a nunc pro tunc judgment and stated it to be the duty of the court to enter such an order when it appears necessary. A late case is Smith v. Commonwealth, 289 Ky. 257, 158 S.W.2d 393.

■ The foregoing expressions dispose of the appellant's contention that the judgment is void.

The contentions of error are so many. Reasonable brevity requires that some of them be disposed of summarily.

■ 4. A fire marshal visited the place during the night of the fire, which occurred in the afternoon, and returned the next day for a better and more complete inspection. He testified to the conditions as they were then. A number of photographs of the ruins of the burned building, taken five weeks later by a photographer of the Louisville Fire Department, upon request of a deputy state fire marshal, were introduced.

These photographs conformed to the rule of admissibility by having been verified or authenticated by two fire marshals as accurately showing the ruins immediately after the fire. Some of the photographs, however, showed large holes in the floor. The witnesses explained that the holes were there right after the fire and had been enlarged in order to photograph the joists, which showed the extent of the fire at the particular spots. With this explanation, the objection to the pictures, because they did not reveal the true conditions immediately following the fire, was properly overruled. King v. Ohio Valley Fire & Marine Insurance Co., 212 Ky. 770, 280 S. W. 127; Young v. Commonwealth, 245 Ky. 570, 53 S.W.2d 963; Louisville & N. R. Co. v. Bell, 276 Ky. 778, 125 S.W.2d 239; Reed v. Hostetler, Ky., 245 S.W.2d 953.

■ 5. The appellants contend that the taking of the photographs without their permission and filing them as evidence constituted a violation of their immunity against unreasonable search and seizure. Sec. 10, Kentucky Constitution. This raises an important, as well as a novel constitutional question. See State v. Buxton, 238 Ind. 93, 148 N.E.2d 547. But we may not consider the intriguing point because of the state of the record.

■ The first witness to testify about the pictures, a fire marshal, filed them as exhibits. The defendants merely objected on the ground that the witness was not qualified. There was no ruling upon the objection. During cross-examination it was revealed that the photographs were taken on the premises without the permission of either defendant. When the photographer was asked to identify the exhibits, the defendants' counsel stated: "Let the record show that I object to the introduction of those photographs because they were taken at a later date without the permission of the defendants and owners." No ruling of the court was asked. The defendants, not having insisted upon a ruling, waived the objection. Simmons v. Commonwealth, 207 Ky. 570, 269 S.W. 732; Jones v. Hicks, 268 Ky. 38, 103 S.W.2d 702. Nor was any objection made as the witness described several of the photographs and pointed to what they revealed. He was cross-examined as to each picture. No motion was made to exclude the photographs. The defendants introduced three photographs of the interior of the burned building.

■ We conclude that the defendants waived the question of the invasion of their premises without a warrant. As to the objection to the testimony of the first witness, it may be pointed out that the objection was limited to his qualification as above stated. A party is confined to specific grounds of objection to the admission of evidence and is deemed to waive any other ground. It is too late to present other grounds on appeal. Virginia Iron, Coal & Coke Co. v. Combs, 186 Ky. 261, 216 S.W.

846; King v. City of Owensboro, 187 Ky. 21, 218 S.W. 297. Furthermore, underlying all the proceedings is the fact that the defendants never excepted to any ruling of the court. The Criminal Code of Practice, § 282(2), as amended in 1952, states: "The party objecting must except when the decision is made." This has always been the rule. Clem v. Commonwealth, 3 Metc. 10, 60 Ky. 10; Ramsey v. Commonwealth, Ky., 267 S.W.2d 730. Moreover, in their motion for a new trial th only ground relating to the evidence was "evidence was admitted over objections by defendants whereby another charge was introduced into the evidence upon which the defendants were not indicted." This fact, together with introduction by the defendants of their photographs of the burned buildings, constituted a waiver. Smith v. Commonwealth, 283 Ky. 492, 141 S.W.2d 881.

6. We consider the objections made to the evidence concerning another fire.

■ Of course, we recognize the law to be that, subject to various exceptions, in a prosecution for arson evidence that the defendant may have set other fires or committed some other unrelated crime is inadmissible. Raymond v. Commonwealth, 123 Ky. 368, 96 S.W. 515, 29 Ky.Law Rep. 785; Jackson v. Commonwealth, 188 Ky. 583, 222 S.W. 945.

Again, we are led to the question of waiver.

■ We might well place the waiver upon the failure of the defendants to except to the rulings of the court in overruling their objections to this line of evidence. Passing that, we look to the record.

In an opening statement to the jury before any evidence was introduced, the defendants' attorney stated that they had done "whatever they could to save their belongings in the house; everything they had

in over twenty-five years of married life was in that house." Whereupon, the Commonwealth's Attorney called attention to the court that "he has opened the door." [1] After a "whispered conference before the court," the attorney stated, "I will amend that statement to say practically all of their belongings of that marriage."

On direct examination Mrs. Harris exhibited several scorched articles of needlework which she had made. She stated they had been in a chest and were exhibited, as disclosed, to show the intensity of the fire. Several other rescued items showing burns were shown to the jury. On cross-examination the Commonwealth's Attorney referred to the above opening statement of the witness' lawyer and asked if it was true. She answered that it was as to "the things that we treasure." Reference was then made to some of the needlework; and in response to questions, the witness stated she had had them on June 26, 1957. She was then asked "if it isn't a fact that you experienced a fire in Florida on June 26, 1957." The court sustained an objection "except you might show whether this was damaged in any previous fire or in this one." It was brought out that some of her personal belongings had been destroyed in the previous fire. A purported inventory of the things destroyed at the time was submitted to her. In response to an objection, the court ruled, "Overruled, as long as he keeps connecting up with these particular items as to whether or not they might have been in that fire or in this one, for purposes of contradicting her testimony. That is all that it is for." Inquiry was then made as to several of the embroidered articles which had been exhibited to the jury.

During the ensuing examination the court sustained objections to testimony concerning a previous fire suffered by the defend-

---

1. At a pretrial conference, in anticipation, the defendants' lawyer objected to the Commonwealth introducing evidence of another fire, and the court ruled it would be inadmissible.

ants, but admitted some further testimony within the limits of his ruling.

We are of opinion that the defendants opened up the issue by claiming that all of their personal belongings had been destroyed in the fire they were charged with having caused. There was no intimation that the Florida fire was of incendiary origin. We think the evidence was competent in contradiction of the statements made on direct examination, as the court properly confined its consideration.

 7. We find no merit in the argument that because the indictment charged only the burning of a dwelling house, it was prejudicial error to admit testimony as to the destruction of the contents and the fact that they were insured. The evidence was relevant, for the jury was entitled to a full disclosure of the surrounding conditions. Curtis, The Law of Arson, § 304; 6 C.J.S. Arson § 32. The court clearly and specifically admonished the jury as to the limitation of the indictment and that this evidence should be considered for no other purpose than as it might affect the credibility of the defendants as witnesses or establish motive for doing what they were charged with having done. 6 C.J.S. Arson § 31.

8. A fire marshal who had investigated the fire expressed the conclusion that it was of incendiary origin. The witness had described the conditions upon which he based the conclusion. Since the question of whether a fire was of incendiary origin is for the jury, ordinarily opinion evidence as to the cause is inadmissible. King v. Ohio Valley Fire & Marine Insurance Co., 212 Ky. 770, 280 S.W. 127. The witness in that case had not qualified as an expert. But expert testimony is admissible where the witness has stated the reasons for his conclusion; at least the mere statement of a conclusion following description of the facts (as in the present case) is not regarded as prejudicial. State of Kansas v. Gore, 152 Kan. 551, 106 P.2d 704, 131 A.L.R. 1108.

The witness had been in investigative work for two and a half years. In overruling an objection to his testimony, the court stated that the jury would determine its value. "The decision as to qualification of the witness as an expert rests in the discretion of the trial court." Kentucky Power Co. v. Kilbourn, Ky., 307 S. W.2d 9, 12.

9. We find other contentions of error are not meritorious.

10. The appellants may not rely upon the point that portions of the argument of the Commonwealth's Attorney were improper and prejudicial for the reason they did not state that as a ground in their motion for a new trial. Lair v. Commonwealth, Ky., 330 S.W.2d 938.

The abortive appeal filed here on October 24, 1959, from the judgment entered nunc pro tunc April 30, 1959, and thereafter vacated is dismissed.

The appeal filed December 31, 1959, from the final judgment is affirmed.