**Isadore MARTIN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1968.

John W. Coomes, New Castle, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Isadore Martin, shot and killed Augustine Redden in the course of an

argument arising out of a crap game. Martin was indicted for murder but was convicted of voluntary manslaughter and sentenced to three years in the penitentiary.

On July 24, 1965, at approximately 2 a. m., Martin and eight or ten other people were in the basement of a house in Eminence, Kentucky, owned by Martin. Curtains were hung from the rafters around a table where a crap game was in progress. Around the table were Redden, Martin, Martin's nephew, Robert Carter, and several other people. Martin and Redden began arguing over whether a bet should be placed and Redden lost his temper and went after Martin. The others present attempted to restrain Redden, but he brushed them aside and hit Martin. At this point everyone except the combatants left from behind the curtain. Two shots were fired and Martin came out from behind the curtain. Redden was found on the floor, dead from two gunshot wounds in the chest.

Martin has been tried twice for this homicide. His first trial resulted in a conviction for involuntary manslaughter which he appealed on grounds that the involuntary manslaughter instruction should not have been given, and his conviction was reversed. Martin v. Commonwealth, Ky., 406 S.W.2d 843 (1966).

The evidence introduced by the Commonwealth at the retrial of this case was substantially the same as the evidence introduced by it at the original trial. In each trial the appellant's defense was based on the premise that the Commonwealth failed to show any evidence which would indicate guilt on the part of Martin. The only difference between the two trials is that upon the original trial, Martin took the stand and attempted to show self-defense; in the retrial, he did not take the stand or offer any evidence in his behalf.

◼ The appeal of the judgment on retrial is based first on Martin's contention that the trial court erred in overruling his motion for a directed verdict. Martin's position is that the Commonwealth's evidence

was so strong in his favor that a sound inference of self-defense could hardly be avoided. However, our opinion in Martin v. Commonwealth, (above) clearly destroyed this assertion when we said:

"It 'sometimes happens that the evidence is all one way, and makes out a case of self-defense,' in which event the defendant is entitled to a directed verdict of acquittal * * * We do not believe, however, that this is such an instance *· * * Martin was not subject to the menace of a deadly weapon * * * Redden had no warning and, so far as the evidence reveals, never knew Martin had a gun. * *

It is our opinion that this is a case in which the evidence as a whole does not demand a factual conclusion that Martin was reasonably in fear of death or great bodily harm or that the apparent necessity of shooting Redden was reasonable." ··

We think this reasoning is applicable to the present appeal because, as was mentioned before, the Commonwealth's evidence presented in the second trial was substantially the same as that introduced by it at the first trial.

◼ Martin's second and final argument for reversal is that the trial court erred in failing to give an instruction on involuntary manslaughter. This is the exact opposite of the contention he raised on his first appeal. In Martin v. Commonwealth, (above) the court concluded that the evidence indicated the homicide was intentional, which rendered illogical any instruction on involuntary manslaughter, citing Shanks v. Commonwealth, Ky., 390 S.W.2d 888 (1965) to support the court's conclusion where we said:

"Where a deadly weapon was used, and where the accused admits that he was attempting to defend and protect himself with the deadly weapon, there is no room for argument that he did not intend the result of the action taken by him."

See also, Hatton v. Commonwealth, Ky., 412 S.W.2d 227 (1967).

The evidence presented does not show a lack of intention to kill or an accidental killing which would justify an instruction on involuntary manslaughter.

The judgment is affirmed.

All concur.