**Ernest Red WILKEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 27, 1970.

Rehearing Denied May 1, 1970.

Richard R. Bryan, R. L. Myre, Sr., James Owens, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Appellant Ernest "Red" Wilkey was indicted for the wilful murder of Thomas Marshall Turner, found guilty of voluntary manslaughter, and given the maximum penalty of twenty-one years in prison (KRS 435.020). He assigns a number of grounds on which he seeks a reversal of the judgment of conviction, which we shall not catalogue here but discuss later. Finding no merit in any of the grounds, we affirm the judgment.

No useful purpose would be served by a detailed statement of all the facts, circumstances, and evidence surrounding the shooting of Turner by the appellant. Suffice it to say that on February 18, 1968, in Carter's Restaurant on 6th Street in the City of Paducah, while the appellant and friends were seated at a table, the deceased, Thomas Marshall Turner, along with his brother, Jackie Turner, and their friend, Henry Spears, came in the restaurant and were in the process of leaving, according to the evidence, when the deceased and appellant came face to face. The evidence is conflicting as to who started the argument and the fight that ensued between the appellant and the deceased, but this much can be stated as pretty well-established fact: The appellant was either knocked to the floor or fell to the floor; as he arose, he shot the deceased with a .22 caliber pistol; whereupon the appellant and deceased clutched in somewhat of a bear hug wrestle. Jackie Turner, the brother of the deceased, was nearby during this time, and on seeing blood running from the mouth and neck of his wounded brother, Thomas Marshall Turner, he, Jackie Turner, shot the appellant in the back. Three other shots were fired into the body of the deceased Turner by the appellant. About all the witnesses testified that one shot was fired first, and after a brief pause, perhaps four or five seconds, a number of shots were fired, which were described by some of the witnesses as having a volley-sounding effect.

The two Turners and Spears entered Carter's Restaurant from a side entrance. Upon seeing the appellant, according to the evidence of Jackie Turner, the deceased gave his revolver to him (Jackie Turner) and stated that he didn't want it in his possession because "it might be trouble." The Turners and their friend did not leave through the side entrance as they had entered but were preparing to leave through the front door, which took them by the table where appellant was seated.

■ First appellant argues that the instruction given by the court on self-defense was not sufficient in that the appellant's right of self-defense against Jackie Turner was not properly presented to the jury. We find this argument without merit for the simple reason that instruction 4 given by the court adequately presented this question to the jury. Instruction 4 is quoted herewith:

"If you shall believe from the evidence that at the time the defendant shot William Marshall Turner, if he did so do, he believed and had reasonable grounds to believe that he was then and there in danger of death or the infliction of some great bodily harm at the hands of Wil-

liam Marshall Turner and Jackie Turner or either of them, and that it was necessary, or was believed by the defendant in the exercise of a reasonable judgment to be necessary, to shoot the deceased in order to avert that danger, real or to the defendant apparent, then you will acquit the defendant upon the ground of self defense or apparent necessity."

Appellant says that if the evidence is as consistent with innocence as with guilt his conviction cannot be sustained, which is good law, but as noted above the evidence as to who was the aggressor and whether the shooting and killing was necessary was conflicting. The evidence preponderates to establish the fact that appellant first shot the deceased while he, the appellant, was getting up from the floor. The question of whether or not it was necessary for the appellant to shoot the deceased was for the jury. Furthermore the evidence is undenied that the deceased was shot four times in all, and it was for the jury to determine whether all the shooting was done in self-defense. So there was sufficient evidence to justify the jury in finding that the shooting and killing was not done in the necessary self-defense of appellant. See Martin v. Commonwealth, Ky., 424 S.W.2d 397 (1968), and Martin v. Commonwealth, Ky., 406 S.W.2d 843 (1966).

Appellant argues that he was entitled to an instruction under KRS 435.050 (wilful shooting not intending to produce death). The penalty under this charge is fixed at not less than one nor more than six years. It is difficult to understand how one man can shoot another four times in the area of his chest and neck without intending to produce or cause death. We do not think the court erred in failing to give such instruction. The crime announced by this statute is not a lesser degree of the crime of wilful murder. See Sizemore v. Commonwealth, Ky., 347 S.W.2d 77 (1961), and Bass v. Commonwealth, 296 Ky. 426, 177 S.W.2d 386 (1944).

The appellant says that the first grand jury of the McCracken Circuit Court convened during the month of May 1968, and that the May grand jury failed to indict the appellant, and it was not until September 1968 that he was indicted by a second grand jury. Appellant contends that by reason of the failure of the May grand jury to indict him, the September 1968 grand jury had no power to indict him. Subsection (3) of RCr 5.22 settles this argument in this fashion: "Failure of the grand jury to return an indictment does not prevent the charge from being submitted to another grand jury."

We find no merit whatever in appellant's complaint that he was not furnished a copy of the testimony presented before the grand jury. Appellant made a motion for a copy of the testimony presented to the May and to the September grand juries, but the trial court did not rule on the motion. It was the duty of the appellant to insist upon a ruling on his motion, but he did not do so. He is in no position now to complain. See Davis v. Commonwealth, 279 Ky. 127, 129 S.W.2d 1030 (1939); and James v. Commonwealth, 197 Ky. 577, 247 S.W. 945 (1923).

Methylene Russelburg testified, at a time when she had a black eye, that appellant and his wife attempted to influence her testimony. The Commonwealth inferred that the appellant or his wife was responsible for the black eye in their efforts to coerce this witness to testify for the appellant or to change her testimony. Anyway the appellant's objection to this evidence was sustained, after which no further relief was requested by appellant. He will not be heard to complain further. See Humphrey v. Commonwealth, Ky., 442 S.W.2d 599 (1969).

The judgment is affirmed.

All concur.