**Emile BELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Richard M. Sullivan, Louisville, Donald L. Cox, of Sales, Lynch & Fowler, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas Johnson, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal, granted belatedly, from the Jefferson Circuit Court, Criminal Branch, Second Division. The appellant was convicted in that court of armed robbery on March 3, 1964, and was sentenced to life imprisonment. On November 12, 1970, after an evidentiary hearing in a RCr 11.42 proceeding, the trial court granted this belated appeal. This appeal is based upon appellant's motion of March 9, 1964, for a new trial, which was overruled.

The first ground for reversal pressed by the appellant is the trial court committed prejudicial error in failing to sustain appellant's objection to the admission of evidence concerning another crime allegedly committed by the appellant.

This proposition is based upon the arresting police officer's testimony that a pistol, which was believed to have been used in the robbery, was obtained as a result of the appellant's being placed under arrest for another charge. Appellant insists that this testimony concerning the arrest for another charge is evidence of another crime and is prejudicial error. While the general rule is that evidence of another crime is inadmissible, there are numerous exceptions to that rule, one exception being that in certain circumstances evidence of another crime may be shown to establish identity. See 29. Am.Jur.2d, Evidence, § 321. However, it appears from the record that the second time the arrest was mentioned by the officer, appellant made a general objection and the trial court did not rule on that objection, but one question later he told the Commonwealth's Attorney to "go ahead."

It is argued by the appellant that it was error for the trial judge to let the prosecutor continue. While that may or may not be true, the appellant has the duty to make timely objections and if he wants to preserve his issues for review by this court the objections must be specific enough to indicate to the trial court and this court what it is he is objecting to. Blanton v. Commonwealth, Ky., 429 S.W.2d 407 (1968); RCr 9.22. Also, if an objection is made, the party making the objection must insist that the trial court rule on the objection, or else it is waived. See Simmons v. Commonwealth, 207 Ky. 570, 269 S.W. 732 (1925) and Harris v. Commonwealth, Ky., 342 S.W.2d 535 (1961). Therefore, this issue by the appellant is without merit because it was waived.

Appellant's second contention is that the gun was improperly introduced. When it became clear to the court that the officer testifying about the gun was not present when it was found, the court sustained appellant's objection. Appellant did not ask that an admonition be given the jury concerning the gun, or that the trial court take any other action. Appellant's second contention is also without merit because the trial court sustained his objection and that was all that it was asked to do by the appellant. Wilkey v. Commonwealth, Ky., 452 S.W.2d 420 (1970).

Judgment affirmed.

All concur.